UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:21-cr- 00358-IM |
| v. | INDICTMENT |
| CARLOS FERNANDO ZELAYA-VALLE; RENE RUIZ MORALES; BRANDON EDWARD ANDERSON; ROBERT LEE WILSON;  JOSE ENRIQUE MIGUEL CABRERA (a.k.a. "Tony," a.k.a. "Javier Ramos Villalobos"); | 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)A)(vi), (b)(1)(A)(viii), (b)(1)(B)(ii)(II); 843(b); 846 and 856(a) |
| | Forfeiture Allegation |
| | **UNDER SEAL** |
| Defendants. | |

COUNT 1
(Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug-Involved Premises)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(vi), 841(b)(1)(A)(viii), (b)(1)(B)(ii)(II); 843(b); 846 and 856(a))

Beginning on an unknown date but no later than on or before the month of January 2021, and continuing until an unknown date but ending no earlier than the date of this indictment, in the District of Oregon and elsewhere, defendants CARLOS FERNANDO ZELAYA-VALLE, RENE RUIZ MORALES, BRANDON EDWARD ANDERSON, ROBERT LEE WILSON,

Indictment                                                                                              Page 1

████████████████████████████████████████████████████, JOSE ENRIQUE MIGUEL CABRERA (a.k.a. "Tony," a.k.a. "Javier Ramos Villalobos"), ████████████████████████████████████ ██ ████████ ████████████████████████████ and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons, whose identities are known and unknown, to commit the following objects in violation of Title 21, United States Code, Section 846:

### Objects of the Conspiracy

A. **Possession with Intent to Distribute Heroin**: The conspirators agreed to possess with intent to distribute 1 kilogram or more of a mixture or substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(i).

B. **Distribution of Heroin**: The conspirators agreed to distribute 1 kilogram or more of a substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(i).

C. **Possession with Intent to Distribute Fentanyl**: The conspirators agreed to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(vi).

D. **Distribution of Fentanyl**: The conspirators agreed to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propenamide), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(vi).

    E.    **Possession with Intent to Distribute Methamphetamine**: The conspirators agreed to possess with intent to distribute 50 grams or more of actual methamphetamine its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

    F.    **Distribution of Methamphetamine:** The conspirators agreed to distribute 50 grams or more of actual methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

    G.    **Possession with Intent to Distribute Cocaine**: The conspirators agreed to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and b(1)(B)(ii)(II).

    H.    **Distribution of Cocaine**: The conspirators agreed to distribute 500 grams or more or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and b(1)(B)(ii)(II).

I.  **Use of a Communication Facility**: The conspirators agreed to use communication facilities, including cellular telephones, in committing, causing, or facilitating the commission of a controlled substance felony under Subchapter I of Title 21 of the United States Code, in violation of Title 21, United States Code, Section 843(b).

J.  **Maintaining Drug-Involved Premises**: The conspirators agreed to open, lease, rent, use and maintain facilities for the purpose of distributing heroin, a Schedule I controlled substance, and methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a).

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of this conspiracy for certain of the defendants and others to store, transport, and conceal controlled substances.

It was part of this conspiracy for certain of the defendants and others to use cellular telephones to further the possession and distribution of controlled substances, and to use coded language to communicate with each other in the course of the conspiracy.

It was part of this conspiracy for certain of the defendants and others to process, store, weigh, and package controlled substances for distribution.

It was part of this conspiracy for certain of the defendants and others to maintain premises for the purposes of storing, packaging, possessing, and distributing controlled substances.

It was part of this conspiracy to use and maintain motor vehicles to transport controlled substances, money, and co-conspirators, to facilitate drug transactions, and to employ counter-

surveillance methods while driving or during the conduct of transactions, in the course of possessing with intent to distribute and distributing controlled substances and transporting drug proceeds.

It was part of this conspiracy to register vehicles, rent real property and subscribe to utilities in names that would avoid detection by law enforcement.

It was part of this conspiracy to provide physical locations for conspirators to store, process and organize the distribution of controlled substances.

It was part of this conspiracy to use money remitting services to launder drug proceeds and facilitate payment for controlled substances.

It was part of this conspiracy to smuggle money across state and international borders to facilitate drug transactions and payment for controlled substances.

In furtherance of this conspiracy, and to effect and accomplish its objectives, the defendants and other co-conspirators committed one or more of the following overt acts:

## Overt Acts

████████████ *Drug Trafficking Organization*

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

1. Beginning at a date unknown but not later than on or about December 2020 through September 2021, a drug trafficking organization based in Mexico including ████████████████████████, **RENE RUIZ MORALES,** and other individuals known and unknown to the grand jury, distributed 1 kilogram or more of a mixture or substance containing a detectible amount of heroin, 400 grams or more of a mixture or substance containing a detectible amount of fentanyl, 500 grams or more of a mixture or substance

containing a detectable amount of methamphetamine, and 500 grams or more of a mixture or substance containing a detectible amount of cocaine to individuals in the Portland, Oregon, area including **CARLOS FERNANDO ZELAYA-VALLE,** and others known and unknown to the grand jury. The drug trafficking organization facilitated these transactions using cell phone communications and other means with defendant ▆▆▆▆▆ who would receive orders for drugs and dispatch **CARLOS FERNANDO ZELAYA-VALLE** and other members of the organization known and unknown to the grand jury from stash houses in the Portland, Oregon, area to distribute drugs to other members of the conspiracy.

2.  Beginning at a date unknown but not later than August 2021, and continuing through September 2021, defendants ▆▆▆▆▆ , **CARLOS FERNANDO ZELAYA-VALLE** and others known and unknown to the grand jury distributed 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine to **BRANDON EDWARD ANDERSON,** ▆▆▆▆▆



**JOSE ENRIQUE MIGUEL CABRERA (a.k.a. "Tony," a.k.a. "Javier Ramos Villalobos"),** ▆▆▆▆▆ , and others known and unknown to the grand jury for them to store and distribute to others in the Portland, Oregon area.

3.  Beginning at a date unknown but not later than August 2021, and continuing through September 2021, defendants ▆▆▆▆▆ , **CARLOS FERNANDO ZELAYA-VALLE** and others known and unknown to the grand jury distributed 1 kilogram or more of a mixture or substance containing a detectible amount of heroin to defendants **BRANDON EDWARD ANDERSON, ROBERT LEE WILSON,** ▆▆▆▆▆

▓▓▓ **JOSE ENRIQUE MIGUEL CABRERA (a.k.a. "Tony," a.k.a. "Javier Ramos Villalobos"),** ▓▓▓ ▓▓▓ and others known and unknown to the grand jury for them to store and distribute to others in the Portland, Oregon area.

4. Beginning at a date unknown but not later than in August 2021, and continuing through September 2021, defendants ▓▓▓, **CARLOS FERNANDO ZELAYA-VALLE** and others known and unknown to the grand jury distributed 500 grams or more of a mixture or substance containing a detectible amount of cocaine to defendants **ROBERT LEE WILSON,** ▓▓▓ ▓▓▓ and others known and unknown to the grand jury, for them to store and distribute to others in the Portland Oregon area.

5. Beginning at a date unknown but not later than in March 2021 and continuing through May 2021, defendants ▓▓▓ **CARLOS FERNANDO ZELAYA-VALLE** and others known and unknown to the grand jury distributed 400 grams or more of a mixture or substance containing a detectible amount of fentanyl to defendants **BRANDON EDWARD ANDERSON,** ▓▓▓ ▓▓▓ **JOSE ENRIQUE MIGUEL CABRERA (a.k.a. "Tony," a.k.a. "Javier Ramos Villalobos"),** ▓▓▓ ▓▓▓ and others known and unknown to the grand jury, for them to store and distribute to others in the Portland Oregon area.

6. On or about August 20, 2021, **RENE RUIZ MORALES** and others known and unknown to the grand jury, possessed with intent to distribute 1,000 grams or more of a mixture

or substance containing a detectible amount of heroin, and did transport the heroin into Oregon for distribution to others.

7.  On or about September 1, 2021, at the direction ▬▬▬▬▬▬▬▬ **CARLOS FERNANDO ZELAYA-VALLE** distributed over 1,000 grams of methamphetamine, over 500 grams of heroin, and over 200 counterfeit oxycodone pills containing fentanyl to **BRANDON EDWARD ANDERSON** for **BRANDON EDWARD ANDERSON** to store, package and re-distribute to his drug customers in the Portland, Oregon area.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Count 1 of this Indictment, defendants ▬▬▬▬▬, **CARLOS FERNANDO ZELAYA-VALLE, RENE RUIZ MORALES, BRANDON EDWARD ANDERSON, ROBERT LEE WILSON,** ▬▬▬▬▬, **JOSE ENRIQUE MIGUEL CABRERA (a.k.a. "Tony," a.k.a. "Javier Ramos Villalobos"),** ▬▬▬▬▬ ▬▬▬▬▬ shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

## SUBSTITUTE ASSETS

If any forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

Dated: September 15, 2021.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
Acting United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney