PORTLAND MAIN OFFICE
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Andrew T. Ho
Assistant U.S. Attorney
Andrew.Ho@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
United States Attorney

EUGENE BRANCH
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

MEDFORD BRANCH
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 16, 2022

Bryan Boender
Boender & Payment, Attorneys
800 Willamette Street, Ste. 700
Eugene, OR 97401

Re: *United States v. Robert Lee Wilson*, Case Number 3:21-cr-00358-IM-5
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope:** This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges:** Defendant agrees to plead guilty to Count One of the Superseding Information, which charges Unlawful Distribution of Heroin, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(B)(i).

3. **Penalties:** The maximum sentence is forty years' imprisonment, a mandatory minimum sentence of 5 years' imprisonment, a fine of $5 million, four years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4. **Dismissal/No Prosecution:** The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the superseding information, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed a mixture or substance containing a detectable amount of heroin;

Second, the amount of heroin involved 100 grams or more of a mixture or substance containing a detectible amount of heroin, a Schedule I controlled substance.

Defendant admits the elements of the offense alleged in Count One of the indictment.

From March 2021 through September 2021, DEA Portland conducted a long-term wiretap investigation into a Mexico-based drug trafficking supplier and identified defendant as a suspected customer of that supplier. The government's investigation established distributed 100 grams or more of a substance containing a detectable amount of heroin in the District of Oregon and elsewhere.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(c)(8) is a Base Offense Level of 24 based upon a total of at least 100 grams but less than 400 grams of heroin, prior to adjustments. The parties anticipate defendant's advisory sentencing guideline after adjustments and variances will be a total offense level of 17.

There is no agreement concerning defendant's criminal history calculation, but the parties estimate that he is within Criminal History Category II. If the parties are correct, defendant's advisory guideline range, if he qualifies for a reductions for acceptance of responsibility, and other adjustments, would be 27-33 months' imprisonment.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any

criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: The government will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above. The defendant is free to argue for any lawful sentence.

10. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

11. **"Safety Valve" Adjustment**: If the Court determines that defendant's case satisfies the criteria in 18 U.S.C. § 3553(f), the government will recommend a two-level downward variance to defendant's Sentencing Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a) if defendant is not otherwise eligible for a two-level reduction under USSG § 2D1.1(b)(18). By making any such recommendation, the government does not waive any objection to the Court's determination that the criteria in 18 U.S.C. § 3553(f) have been satisfied. If the government makes a two-level variance recommendation as described herein, defendant agrees not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in the event the United States Sentencing Commission amends USSG § 5C1.2(a)(1) to match the language of 18 U.S.C. § 3553(f)(1).

12. **Additional Departures, Adjustments, or Variances**: The USAO agrees to recommend a two-level downward variance for all 3553(a) factors including performance on pretrial release. The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant reserves the right to seek an additional downward departure, adjustment or variance from the applicable guideline ranged determined by the Court and understands that the government reserves its right to oppose such a request.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during with the sentencing memorandums are due to the Court. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

13. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18. **Deadline**: This plea offer expires if not accepted by May 25, 2022 at 5pm.

        Sincerely,

        SCOTT ERIK ASPHAUG
        Acting United States Attorney


        */s/ Andrew T. Ho*
        ANDREW T. HO
        Assistant United States Attorney

### *United States of America v. Robert Lee Wilson*
### 3:21-cr-00358-IM-5
### Plea Agreement

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4/21/22
Date

ROBERT LEE WILSON
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/21/22
Date

BRYAN BOENDER
Attorney for Defendant